BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorney
     Post-Conviction and Special Litigation Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4447
     Facsimile: (213) 894-0142
     E-mail:   johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL GOMEZ DZUL, <br><br> Defendant. | CR No. 2:25-00503-BFM <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS [Dkt. 44] |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, Assistant United States Attorney JohnPaul LeCedre, hereby files its Opposition to Defendant RUSSEL GOMEZ DZUL's Motion to Compel Production of Grand Jury Transcripts. Dkt. 44.

//

//

     This filing is based upon the attached memorandum of points and authorities, the files and records of this case, and such further evidence and argument as the Court may request or permit.

| | |
|---|---|
| Dated: October 16, 2025 | Respectfully submitted, |
| | BILAL A. ESSAYLI<br>Acting United States Attorney |
| | JOSEPH T. MCNALLY<br>Assistant United States Attorney<br>Acting Chief, Criminal Division |
| | _/s/ *JohnPaul LeCedre*_<br>JOHNPAUL LECEDRE<br>Assistant United States Attorney |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On June 7, 2025, Defendant Russell Gomez Dzul (hereafter, "Defendant") assaulted and impeded a federal officer. The United States Attorney's Office ("USAO") filed a complaint charging him with a violation of 18 U.S.C. § 111(a)(1) the following day. Dkt. 1. Following his initial appearance and detention on June 9, 2025, the government charged defendant with the same crime, a Class A Misdemeanor, in an Information on June 18, 2025. Dkt. Nos. 6, 9, 12. Defendant was arraigned on the Information on June 27, 2025. Dkt. No. 14.

Defendant now seeks disclosure of grand jury material, including internal decision-making processes and grand jury transcripts.[1] Defendant's Motion to Compel (hereinafter, "Mot."), at 1. But his motion is built entirely on speculation. Defendant assumes that grand jury proceedings occurred, and then further assumes those proceedings must contain evidence favorable to him. The Court should reject both premises. The government does not concede whether any grand jury presentation occurred in this case, and Rule 6(e) prohibits defendants from using conjecture to pierce grand jury secrecy. Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979); United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

---

[1] The Federal Public Defender's Office has broadly sought to compel grand jury information and transcripts in pending assault cases in this district to no avail. See, e.g., United States v. Ramos-Brito, 25-CR-501-SVW, Dkt. 108 (Sept. 15, 2025) (denying defense motion to compel grand jury information and transcripts); United States v. Brown, 25-701-FMO, Dkt. 70 (October 10, 2025) (allowing the government to "submit, for the court's in camera review, a declaration made under the penalty of perjury addressing whether a grand jury proceeding occurred").

1

Nor does <u>Brady</u> or <u>Giglio</u> justify Defendant's fishing expedition. The government is fully aware of its disclosure obligations and will continue to comply with them. But those obligations do not entitle Defendant to unfettered access to grand jury proceedings on the chance something might be useful. Courts have roundly held that <u>Brady</u> cannot be used to override Rule 6(e). <u>See</u>, <u>e.g.</u>, <u>United States v. Price</u>, 566 F.3d 900, 913 (9th Cir. 2009).

Grand jury secrecy is a bedrock principle designed to preserve candor, protect witnesses, and safeguard the institution's independence. Defendant's speculative request undermines those interest without any showing of particularized need. His motion should be denied.

**II.  LEGAL STANDARD**

Federal Rule of Criminal Procedure 6(e) embodies the "long-established policy that maintains the secrecy of the grand jury proceedings." <u>United States v. Proctor & Gamble Co.</u>, 356 U.S. 677, 681 (1958). Disclosure is permitted only in "cases of particularized need." <u>Douglas Oil Co.</u>, 441 U.S. at 222. To satisfy that standard, the moving party must show that disclosure is necessary to avoid injustice in another proceeding, that the need for disclosure outweighs the grand jury's secrecy interests, and that the request is narrowly tailored to only the material actually needed. <u>United States v. Sells Eng'g, Inc.</u>, 463 U.S. 418, 443 (1983). Mere speculation that grand jury testimony might contain helpful material does not suffice. <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986).

**A.  Standard for Disclosure of Secret Grand Jury Materials**

The "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." <u>Douglas Oil Co.</u>, 441 U.S. at

218 (noting that the "Supreme Court has consistently recognized" this premise). Indeed, "[s]ince the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye. The rule of grand jury secrecy . . . is an integral part of our criminal justice system." Id., at 218 n.9. The Supreme Court has consistently recognized that this indispensable secrecy of grand jury proceedings "must not be broken except where there is a compelling necessity." Procter & Gamble Co., 356 U.S. at 682. The grand jury is a public institution which serves the community, thus its secrecy is necessary to uphold, for this institution "might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." Id. This fundamental presumption of grand jury secrecy is now embodied in Rule 6(e) of the Federal Rules of Criminal Procedure.

A court may permit disclosure of grand jury materials to defendant in two narrow situations, under Rule 6(e)(3)(E)(i), when "preliminarily to or in connection with a judicial proceeding, or Rule 6(e)(3)(E)(ii), when a defendant "shows that a ground may exist to dismiss an indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii).

A court may permit the disclosure of grand jury materials to a party under Rule 6(e)(3)(E)(i) only when the requesting party has demonstrated a "particularized need" or "compelling necessity" for disclosure that outweighs the policy of grand jury secrecy. Douglas Oil Co., 441 U.S. at 218-22. The particularized need standard is sufficiently met when a party shows "[(1)] the material they seek is needed to avoid a possible injustice in another judicial proceeding, [(2)] that the need for disclosure is greater than the need for

3

continued secrecy, and [(3)] that their request is structured to cover only material so needed." Id., at 222.

Importantly, there is a presumption of regularity in grand jury proceedings. United States v. R. Enterprises, Inc., 498 U.S. 292, 300 (1991). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particularized need required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980) (quotation marks and citations omitted). Grand jury testimony is not to be "released for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (internal quotes and citation omitted).

Further, the "proper functioning of our grand jury system depends on the secrecy of grand jury proceedings." Douglas Oil Co., 441 U.S. at 218 (citations omitted). Courts in using their discretion to grant or deny such a motion to compel must consider the "possible effects upon the functioning of future grand juries," as well as the immediate effect on the particular grand jury at issue. Id. (acknowledging that "persons called upon to testify will consider the likelihood that their testimony may be disclosed to outside parties" and that "fear of future retribution or social stigma may act as powerful deterrents to those who come forward and aid the grand jury in the performance of its duties").

**B.   Conjecture Is Not Sufficient**

Courts have consistently held that conjecture is insufficient to justify disclosure of grand jury materials. Rule 6(e) requires a strong showing of particularized need before secrecy may be pierced.

Douglas Oil Co., 441 U.S. at 222. Mere unsubstantiated speculative assertions that transcripts exist or contain favorable evidence do not come close to meeting this standard. Walczak, 783 F.2d at 857. Request based only on the possibility of favorable material are inadequate. United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). The Ninth Circuit requires a specific, concrete showing of need. United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984).

**III. ARGUMENT**

    **A.**    **Defendant Has Not Demonstrated a Particularized Need**

Defendant's motion fails at the threshold, as it is built on conjecture, references to other, unrelated grand juries, to news articles, and unprompted accusations of racial bias. He speculates that the government presented this matter to a grand jury, then speculates further that jurors may have declined to indict, and then speculates still further that the testimony given during those hypothetical proceedings must contain Brady or Giglio material. That kind of layered assumption does not meet the high bar that Rule 6(e) imposes. Courts in this circuit are clear: speculation that transcripts might contain favorable evidence is not enough. Wolczak, 783 F.2d at 857; Murray, 751 F.2d at 1533; Cadet, 727 F.2d at 1467.

Defendant also argues that the absence of an indictment "raises a valid inference" that any grand jury transcripts would be favorable to him. Mot. at 9. That is wrong for two reasons. First, grand jury deliberations and charging decisions are not evidence. A decision not to return an indictment does not transform testimony into Brady material, nor does it imply that witnesses testified inconsistently or unfavorably to the government. Second, if accepted, Defendant's theory would compel disclosure in any case where the government

5

proceeded by information rather than indictment, for whatever reason. Rule 6(e) does not permit defendants to force disclosure of grand jury materials, or confirmation that such proceedings occurred, whenever they are dissatisfied with charging decisions.

Finally, Defendant claims that putative transcripts would be useful for impeachment if trial testimony diverges from prior statements. Mot. at 4, 9. That argument is premature and misplaced. The Jencks Act already governs disclosure of prior witness statements, including any grand jury testimony, at the appropriate time in connection with trial. See 18 U.S.C. § 3500. Courts have repeatedly rejected efforts to circumvent Jencks by demanding pretrial access to grand jury transcripts. See Price, 566 F.3d at 913.

In short, Defendant identifies no concrete, specific basis for disclosure. He relies only on conjecture about what may have occurred and what such testimony may contain. That is legally insufficient, and the motion should be denied on that basis alone.

**B.   Brady and Giglio Do Not Justify Disclosure**

Defendant leans heavily on Brady and Giglio, but those cases do not create a right to wholesale production of grand jury transcripts. Brady v. Maryland requires disclosure of evidence that is both favorable to the accused and material to guilt or punishment. 373 U.S. 83 (1963). Giglio v. United States extends Brady to impeachment material. 405 U.S. 150 (1972). The government is fully aware of those obligations and will continue to comply with them. But neither case displaces the requirements of Rule 6(e).

The Ninth Circuit has made this clear: "Brady does not automatically override Rule 6(e). Price, 566 F.3d at 913. If

6

exculpatory or impeachment evidence exists in government files, it will be disclosed consistent with Brady, Giglio, and Rule 16. That is separate from, and does not entitle Defendant to, the blanket disclosure of all grand jury testimony.

Moreover, Congress has provided a separate, carefully calibrated mechanism for production of prior witness statements: the Jencks Act, 18 U.S.C. § 3500. The Jencks Act requires production of witness statements—including grand jury testimony—after the witness testifies on direct examination at trial. Courts have consistently rejected attempts to use these obligations to circumvent Rule 6(e). See, e.g., Cadet, 727 F.2d at 1467.

Here, Defendant has not identified any specific testimony or evidence that would be material under Brady or Giglio. Instead, he speculates that transcripts, if they exist, may impeach law enforcement officers. The government will continue to comply with its discovery obligations, but Brady and Giglio are not a license to breach grand jury secrecy.

### C.  Grand Jury Secrecy Interests Remain Strong

Defendant suggests that secrecy interests may no longer apply because he has already been charged and any testimony would come from law enforcement officers. Mot. at 5-6. That argument ignores settled law. The Supreme Court has emphasized that secrecy protects far more than deliberations in a single case: it safeguards witness candor, prevents attempts to influence testimony, preserves the independence of the grand jury, and protects innocent parties from public stigma. Douglas Oil, 441 U.S. at 219-20; Proctor & Gamble, 356 U.S. at 681-82.

1   Those interests do not disappear simply because charges were
2   filed by information rather than indictment. Courts consistently
3   recognize that Rule 6(e) protects the integrity of the grand jury as
4   an institution, not just a particular ongoing investigation. Allowing
5   disclosure here based only on speculation would erode those
6   protections and open the door to routine fishing expeditions whenever
7   a defendant is dissatisfied with charging decisions.

      **D.  Alternative Remedies Are Available, But Unnecessary**

In some cases, courts have considered alternatives such as in camera review or sealed confirmation regarding the existence and substance of grand jury proceedings. But those steps are reserved for situations where the moving party has first made some threshold showing of particularized need. Douglas Oil, 441 U.S. at 222. Because Defendant has not come close to meeting that standard here, no further inquiry is warranted.

**IV.  CONCLUSION**

Defendant offers speculation, but Rule 6(e) demands far more. Because he has not shown a particularized need, his motion should be denied.

8