BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JOHNPAUL LECEDRE (Cal. Bar No. 303100)
Assistant United States Attorney
     Post-Conviction and Special Litigation Section
     1400 United States Courthouse
     312 North Spring Street, 14TH floor
     Los Angeles, California 90012
     Telephone: (213) 894-4447
     Facsimile: (213) 894-0142
     E-mail:  johnpaul.lecedre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>RUSSELL GOMEZ DZUL,<br>   a.k.a "Russell Ozul Gomez,"<br>   a.k.a "Russell Dzul Gomez,"<br><br>            Defendant. | No. 2:25-CR-00503-BFM<br><br>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**TRIAL DATE: 01/12/2026**<br><br>**NOTE CHANGES MADE BY COURT** |

The Court has read and considered the Amended Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on October 31, 2025. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The jury trial in this matter is set for **January 12, 2026, at 8:30 a.m.** A final pretrial conference is set for **January 6, 2026, at 1 p.m.** A hearing on the pending pretrial motions is reset for **November 12, 2025, at 11:00 a.m.** The deadline for motions in limine, set in the Criminal Trial Standing Order, is extended to **December 22, 2025.** Responses to motions in limine are due **no later than December 29, 2025.** All other provisions of the Criminal Trial order remain in place.

2. The Court orders that the time period of November 20, 2025, to January 12, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

//
//

4.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

OCTOBER 31, 2025
DATE

HONORABLE BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

Presented by:

/s/ *JohnPaul LeCedre*
JOHNPAUL LECEDRE
Assistant United States Attorney