UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No.   2:25-cr-503-BFM                                               Date: 11/14/2025

Present: The Honorable:   Brianna Fuller Mircheff, U.S. Magistrate Judge

Interpreter

| C. Howard | | |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Russell Gomez Dzul | N/A | | | DFPD James Threatt<br>DFPD Hannah Bogen | N/A | X | |

**Proceedings: (In Chambers) Order on Motion for Grand Jury Transcripts (ECF 44)**

Pending before the Court is Defendant Russell Gomez Dzul's Motion for an order requiring the government to disclose the transcripts of the grand jury proceedings. For the reasons set out in the Order, the Motion is **denied**.

### A.     Factual Background

Defendant Gomez Dzul is awaiting trial on a misdemeanor assault charge. He was initially charged in a complaint with a violation of 18 U.S.C. § 111(a)(1). (ECF 1.) After he made his initial appearance on that complaint, the government moved to dismiss the complaint and filed an information charging the same offense. (ECF 3, 12.)

Misdemeanor charges can be brought via information, which do not involve a grand jury. Fed. R. Crim. P. 58(b)(1). Gomez Dzul hypothesizes that he was charged by information because the grand jury refused to return an indictment in his case. His hypothesis is not invented whole cloth: his counsel reports that the assigned prosecutor told him that he intended to seek a grand jury indictment in the case (ECF 44 at 11), and he points to media reports reflecting that grand juries have refused to return indictments in similar cases (ECF 44 at 5).

**CRIMINAL MINUTES – GENERAL**

On this basis, Gomez Dzul moves for disclosure of the grand jury transcripts. (ECF 44.) He argues that the government's case rests on the statements of its witnesses, and the grand jury's failure to return an indictment gives rise to a valid inference that the grand jury transcripts are favorable to the defense. (ECF 44 at 9.) He argues that the transcripts may be useful for impeachment, and that their disclosure may be required under *Brady* or *Giglio*. (ECF 44 at 8.)

The government opposed the Motion (ECF 49) and Gomez Dzul filed a reply (ECF 57). The Court heard argument on the Motion on November 12, 2025. (ECF 63.) The matter is therefore fully briefed and ready for decision.

**B.     Discussion**

Rule 6 of the Federal Rules of Criminal Procedure allows a court to authorize the disclosure of matters occurring before a grand jury when they are "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Such disclosure should occur only when the party seeking them has demonstrated that "a particularized need exists." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (cleaned up). To establish a particularized need, a defendant "must show that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979); *see also Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) (noting that defendant bears the burden of showing that a "particularized need exists" for the disclosure of grand jury transcripts).

Here, Gomez Dzul argues that the absence of a grand jury indictment gives rise to an inference that there is favorable information in the transcripts of grand jury proceedings. (ECF 44 at 8-9.) His argument is no more than speculation: speculation that there was a grand jury empaneled in his case, speculation about the evidence and witnesses presented to any grand jury that was empaneled, and speculation that the transcripts of any such grand jury proceedings contain information that is favorable to him. Speculation is not sufficient to show a particularized need. *Walczak*, 783 F.2d at 857; *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere unsubstantiated, speculative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy.") (cleaned up). And Gomez Dzul's Motion is premised on speculation three times over.

Gomez Dzul argues that he is entitled to witness statements for purposes of impeachment. The government confirms that it is aware of its obligations under *Brady*, *Giglio*, and the Jencks Act, and that it intends to comply, and the Court, of course, expects it to do so. But Gomez Dzul offers no basis to believe that the government is *not* in compliance with any of its obligations, nor is the Court aware of any basis to believe there is noncompliance.

The Motion (ECF 44) is therefore **denied**.

cc: Counsel of Record

**Initials of Deputy Clerk**    CH