UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL

Case No.   2:25-cr-503-BFM                                              Date:  1/7/2026

Present: The Honorable:   Brianna Fuller Mircheff, U.S. Magistrate Judge

Interpreter

|  C. Howard  |  | John Paul Lecedre |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App |
|---|---|---|---|---|---|---|
| Russell Gomez Dzul | N/A | | | DFPD James Threatt<br>DFPD Hannah Bogen | N/A | X |

**Proceedings: (In Chambers) Order on Disputed Jury Instructions (ECF 80)**

The Court has received the parties' disputed jury instructions (ECF 80) and heard argument about them at the pretrial conference. The Court makes these preliminary rulings, while noting that the Court will entertain further objections and requests to remove, add, or modify any instruction until the final jury instruction conference, to be held close to the end of the trial.

1.      **Reasonable doubt instruction**

The first disputed instruction is the reasonable doubt instruction. (ECF 80 at 35-38.) The Court intends to give the Ninth Circuit's model instruction 6.5 without the modifications proposed by the defense. The phrase "subjective state of near certitude" is taken from *United States v. Velasquez*, 1 F.4th 1132, 1137 (9th Cir. 2021), but is not likely to be useful to the jury in understanding the government's burden, and, indeed, is likely to confuse lay jurors more than help them. The second proposed modification—"you also may not base a guilty verdict in any part on mere speculation"—uses language taken from a sufficiency of the evidence case, *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc), and again, is not helpful to the jury's understanding of the reasonable doubt concept.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

### 2. Assault instruction

The second dispute relates to the instruction concerning the assault offense. The government proposes the Ninth Circuit's model instruction for § 111, No. 8.1. (ECF 80 at 45.) The defense proposes an instruction that combines the elements of assault on a federal officer with those of self-defense. (ECF 80 at 49-50.) The Court will reserve final decision on the instruction until it hears the evidence, but based on the evidence currently before the Court, believes the defense's proposed instruction is likely the appropriate one, and addresses the government's objections to it.

The first objection is that the defense has not yet made an evidentiary proffer that a self-defense instruction is appropriate. The government admits that the standard the defense must meet to trigger a self-defense instruction is low bar. *See United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (a defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility."). When pressed about why the government's own reports—which reflect that agent(s) pushed Gomez Dzul back into the car, pulled him by his handcuffed arms backwards into the car, and deployed pepper spray—would not be sufficient to meet that low bar, the government did not dispute that it would. Instead, it argued that a self-defense instruction would not be appropriate if Gomez Dzul were the initial attacker, citing *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) (finding, in an assault on a federal officer case, that "an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault"). The Court has not yet seen any evidence that reflects Gomez Dzul as the initial attacker with such clarity that it would be appropriate to take the question of self-defense away from the jury.

For these reasons, the Court will entertain argument concerning a factual basis for the defense once the evidence has been adduced, but believes the defense is likely to be entitled to the defense and thus proceeds in evaluating the proper formulation of such an instruction, if given.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The government's second objection is to the content and format of the self-defense instruction. The government's format instructions are not well taken. Specifically, the government argues that self-defense language should be in its own instruction and not folded into the instruction concerning the elements of assault. Once the defense meets its initial burden of showing that a self-defense instruction is appropriate, however, the government must prove that the defendant did not act in reasonable self-defense beyond a reasonable doubt. Folding self-defense into the offense instruction makes that clear—and is, indeed, what the comments to the Model Instructions advise courts to do: "When there is evidence of self-defense, an additional element should be added to the instruction on the substantive offense:  for example, 'Fourth, the defendant did not act in reasonable self-defense.'" Manual of Model Criminal Jury Instructions 5.10, Comments.

Substantively, the government urged the Court to start with Model Instruction 8.3 and modify it for the fact that the defense does not argue that Gomez Dzul was not aware that O.I. was a federal officer, rather than using 5.10. The Court perceives little difference between the two instructions *except* for the part of Model Instruction 8.3 that relates to knowledge of the identity of the alleged victim. In any event, Ninth Circuit caselaw sanctions use of the general self-defense instruction in this context. *United States v. Ornelas*, 906 F.3d 1138, 1147 (9th Cir. 2018).

Finally, the government objects to the defense proposal that "excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties." The government claims that the language would "redefine" the official duties element, but the language comes directly from *United States v. Span*, where the Court faulted defense counsel for failing "to request an instruction explaining *an element of the offense*, that excessive use of force in the pursuit of official duty is not considered good faith performance of official duties within the definition of section 111." 75 F.3d 1383, 1389 (9th Cir. 1996) (emphasis added).

After the pretrial conference, the government proposed adding language concerning the "initial aggressor" limitation to any self-defense instruction (while maintaining its general objection to the giving of a self-defense instruction at all). (ECF 91.) The defense has not yet had a chance to weigh in on that suggestion, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

thus the Court will take up that question when it finalizes the jury instructions before they go to the jury. On a similar note, the Court is considering whether it should pair the above instruction concerning excessive force with some definition of excessive force, such as the one the Court gave in *United States v. Carreno*, 2:25-CR-772-MWF, Docket 47 at 11-12. That question, too, will be discussed when finalizing the jury instruction.

The defense proposed a supplemental instruction (ECF 88), but it relates directly to a motion in limine and thus will be addressed in the forthcoming order concerning those motions.

Finally, the parties are asked to send a Word version of the Disputed Jury Instructions (ECF 80) to BFM_Chambers@cacd.uscourts.gov promptly. They need not modify the filing in any way to account for this Order; the Court will make the necessary modifications.

:

**Initials of Deputy Clerk**    CH
